UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMANTHA A. CHAPMAN,

        Plaintiff,

v.                               **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 10-711 (MJD/JJG)

JAMES LEE SORENSON,
SDI RESIDUAL ASSETS LLC, as successor
in interest to Sorenson Development, Inc.,
a Utah Corporation, now known as
SDI Liquidating Corporation; and
SORENSON MEDICAL PRODUCTS INC.,
a Utah Corporation, as successor in interest
to Sorenson Medical, Inc., now known as
SMI Liquidating Inc.;

        Defendants.

Matthew E. Munson, E. Frank Woodson, and Ted G. Meadows, Beasley, Allen, Crow, Methvin, Portis & Miles, PC; Michael L. Williams, Leslie W. O'Leary, and Thomas B. Powers, Williams Love O'Leary & Powers, PC; Laura B. Kalur, Kalur Law Office; and Yvonne M. Flaherty, Lockridge Grindal Nauen PLLP; Counsel for Plaintiff.

Brian D. Goldwasser, White, Getgey & Meyer; and James L. Haigh and Robyn K. Johnson, Cousineau McGuire Chartered; Counsel for Defendants James Lee Sorenson and Sorenson Medical Products Inc.

Barbara P. Berens and Justi R. Miller, Berens & Miller, PA; Brian D. Goldwasser, White, Getgey & Meyer; Jason C. Kuhlman and Jeffrey C. Mando, Adams,

Stepner, Woltermann & Dusing PLLC; Counsel for Defendant SDI Residual Assets LLC.

## I. INTRODUCTION

This matter is before the Court on the Motion for Summary Judgment by Sorenson Medical Products, Inc., SMI Liquidating, Inc. and James Lee Sorenson [Docket No. 61] and the Motion for Summary Judgment on Successor Liability of Sorenson Development Inc. and SDI Residual Assets, LLC [Docket No. 65]. Alternatively, Defendants Sorenson Medical Products, Inc., SMI Liquidating, Inc. and James Lee Sorenson recommend dismissing this case under forum non conveniens.

The Court granted the parties' request to cancel oral argument on these motions and decide the motions on the papers. After careful review of the case and all of the filings in this case, the Court concludes that this case should be transferred to the United States District Court for the Western District of Washington.

## II. DISCUSSION

As an alternative argument to the request for summary judgment, Defendants recommend dismissing this case under forum non conveniens, an allegation raised in their Answer. ([Docket No. 82] at 3 n.1; [Docket No.19]

Answer, Aff. Def. ¶¶ 16-17.)  The parties had the opportunity to address all issues raised in the parties' briefs, including forum non conveniens, at oral argument; however, the parties jointly requested that the Court cancel oral argument and decide the motions on the papers.  [Docket No. 90]  Additionally, although the Court does not raise this issue sua sponte, it notes that a district court may sua sponte transfer a case based on the inconvenience of the forum.  See, e.g., I-T-E Circuit Breaker Co. v. Becker, 343 F.2d 361 (8th Cir. 1965).

Because an alternative federal forum is available, in the federal court in Washington, the forum non conveniens question is addressed under 28 U.S.C. § 1404(a).  See Bacon v. Liberty Mut. Ins. Co., 575 F.3d 781, 783 (8th Cir. 2009).  After carefully reviewing both the summary judgment motions and the forum argument, the Court concludes that this case should be transferred to the United States District Court for the Western District of Washington.

This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota despite having no discernible connection to Minnesota.  Defendants are all Utah entities located in Utah.  Plaintiff is a Washington state resident whose injury occurred entirely within Washington State.  She underwent shoulder surgeries in Washington.  She now

sues for damages that she allegedly sustained from a pain pump that continuously injected anesthetic into her shoulder joint following surgery. No act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

Pursuant to 28 U.S.C. § 1404, transfer to the United States District Court for the Western District of Washington is warranted. When considering the propriety of a transfer under § 1404(a), the Court considers three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the convenience prong, courts typically consider "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696. When analyzing the interest of justice, courts generally consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair

trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Id.

Transferring this case will promote the interests of justice and the convenience of the parties. No party, potential witness, evidence, or relevant event has any relevant connection to Minnesota. Moreover, a transfer will not prejudice any party. This case will remain in federal court and, assuming that this case was properly filed in Minnesota, the same choice-of-law rules would apply after transfer. See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990) (holding that a § 1404(a) transfer does not change the law applicable in a diversity case). The main effect of a transfer will be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties and the witnesses.

Moreover, it is likely that Washington state law applies and, in both pending summary judgment motions, Washington state law is unique with regard to the issues before the Court. In particular, Plaintiff points out that, unlike most jurisdictions, under Washington's strict product liability statute, foreseeability is not an element of a strict liability claim based on failure to warn. See Rev. Code Wash. 7.72.030(1); Ayers v. Johnson & Johnson Baby Prods. Co.,

5

818 P.2d 1337, 1345-46 (Wash. 1991).  The Court deciding Defendants' motion for summary judgment will likely need to analyze this distinctive aspect of Washington product liability law, as well as determining to what extent the so-called comment k exception to strict liability applies to failure to warn claims for prescription medical devices.  See Transue v. Aesthetech Corp., 341 F.3d 911, 916 (9th Cir. 2003) (predicting that Washington Supreme Court would find that comment k applies to all prescription medical devices).

Additionally, with regard to the question of summary judgment on successor liability, Washington has adopted the product-line exception to the general rule against successor liability.  See Martin v. Abbott Labs., 689 P.2d 368, 388 (Wash. 1984).  The product-line exception is a minority rule.  See, e.g., Tabor v. Metal Ware Corp., 168 P.3d 814, 817 (Utah 2007).   Thus, this case presents an unusual case in which two summary judgment motions are pending that likely turn on unique aspects of Washington law.

Therefore, for the convenience of the parties and witnesses and in the interest of justice, the Court transfers this case to the Western District of Washington.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

This case is transferred to the United States District Court for the Western District of Washington.

Dated:  June 7, 2013                     s/ Michael J. Davis
                                         Michael J. Davis
                                         Chief Judge
                                         United States District Court